## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MICHEAL O. ROBERTSON**                                                                                   **PLAINTIFF**
**ADC #106563**

**V.**                               **CASE NO.  4:20-cv-01512 JM**

**BARRY A. SIMS,** *et al*.                                                                                 **DEFENDANTS**

### ORDER

Plaintiff Micheal O. Robertson, in custody at the Pulaski County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights (Doc. No. 2). He also filed a motion to proceed *in forma pauperis*, which was granted (Doc. Nos. 1, 4).

**I.        Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing*

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

**II.     Background**

Robertson sued Judge Barry Sims, Public Defender Andrew Thornton, the Pulaski County Jail, Pulaski County Sheriff Eric C. Higgen, and unidentified Doe Defendants. (Doc. No. 2). Robertson says he was arrested on September 6, 2020 for failure to pay fines and fees in the amount of $2,500 in a criminal case in Pulaski County, *State v. Robertson*, 60CR18-3660. (*Id*. at 3, 5). While Robertson was in the Pulaski County Jail, he was charged for "popping 2 water/fire sprinklers" in *State v Robertson*, 60CR20-3909 (*Id*. at 5). He pled guilty in that case on September 16, 2020 and says he was sentenced to time served. (*Id*.)

Robertson claims that he has been in jail for more than 100 days. (*Id*. at 6). He says that "under Ark. Code Ann. 30 real days eliminates all fines + fees . . . ." (*Id*.). He explains that he attended a televised court hearing on 12/14/2020, but did not have a chance to speak to his public defender beforehand; someone at the Jail told Robertson's public defender that Robertson waived his right to speak to his attorney before the hearing. (Doc. No. 2 at 6-8). As a result, the court set a surety bond in the amount of $2,500 rather than releasing Robertson. (*Id*. at 7). According to Robertson, he is being unlawfully detained. (*Id*. at 12).

Robertson alleges Judge Sims violated his rights under the First Amendment by not allowing Robertson to explain during the 12/14/2020 hearing that he did not waive his right to speak to his attorney. (*Id*. at 7, 9). Robertson also brings due process claims, and maintains he

was coerced into pleading guilty in 60CR18-3660.  (*Id*. at 9-10).  Robertson further alleges that through his confinement he is being subjected to cruel and unusual punishment and that his equal protection rights have been violated.  (*Id*. at 13.)  He seeks damages.  (Doc. No. 2 at 14).

### III.     Discussion

As discussed below, Robertson's complaint fails to state a claim on which relief may be granted.

#### A.     Pulaski County Jail

Robertson sued the Pulaski County Jail.  A county jail, however, is not subject to suit under § 1983.  *See De La Garza v. Kandiyohi Cty. Jail, Corr. Inst*., 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam).

#### B.     Public Defender Andrew Thornton

Robertson named Andrew Thornton, his public defender, as a Defendant.  Public defenders, however, are not state actors for § 1983 purposes.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981).

#### C.     Sheriff Higgen

While Robertson named Higgen as a Defendant, he made no allegations against him.  (Doc. No. 2).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### D.     Judge Sims

Robertson's claims against Judge Sims challenge Robertson's current incarceration.  Robertson does not request release, but he seeks damages for the alleged violation of his rights.  (Doc. No. 2 at 14).  Criminal proceedings against Robertson are ongoing in *State v. Robertson*, 60CR18-3660. The Court can take judicial notice of the proceedings in Robertson's state case

because they are directly related to the issues here.  *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

The Court notes that when both questions of immunity and abstention under *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), are in question, a court generally may consider either one first. *See Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2018) (*citing Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 584-85 (1999) and *Steel Co. v Citizens for a Better Env't*, 523 U.S. 500, 100 n.3 (1998)).

Absolute immunity bars Robertson's individual capacity claims against Judge Sims. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity is overcome only when a judge acts outside of his judicial capacity or when his actions are taken in complete absence of all jurisdiction.  *Id*.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citation omitted). Robertson has not made allegations that would overcome Judge Sims's absolute immunity from suit.

Robertson sued Judge Sims in his official capacity, too, and seeks damages.  Robertson's official capacity claims are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment immunity.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989).

### E. Doe Defendants

Robertson claims the Doe Defendants violated his right to effective counsel. (Doc. No. 2-1 at 10). According to Robertson, the Doe Defendants "stated to Mr. Thornton that [Robertson] waived [his] rights to talk to [his] public defender." (*Id*. at 7). Robertson claims that, as a result, the Court set a $2,500 surety bond rather than releasing him because he served more than 30 days for outstanding fees. (*Id*.) Government interference with an attorney-client relationship may implicate the Sixth Amendment right to counsel, but only when the interference substantially prejudices the criminal defendant. *See Weatherford v. Bursey*, 429 U.S. 545, 558 (1977). Here, Robertson saw his attorney in the video hearing the following day, and Robertson could have presented his argument in court. Further, Robertson could file an appropriate motion in his state criminal case. Under these circumstances, and with no allegations of intent or motive, Robertson was not substantially prejudiced by the Doe Defendants' one-time statement to Thornton.

### F. Additional Claims

According to Robertson, he was coerced into pleading guilty in 60CR18-3660. The Supreme Court has held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Robertson's claim that his rights were violated, if established, would imply the invalidity of his conviction, and there is no allegation that Robertson's conviction has been called into question by issuance of a writ of *habeas corpus*. Therefore, Robertson's coercion claim is barred by *Heck v. Humphrey* and must be dismissed.

IV.     **Conclusion**

1. Robertson's Complaint (Doc. No. 2) is dismissed without prejudice.

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 6th day of January, 2021.

_____
UNITED STATES DISTRICT JUDGE